IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | 1:18-cr-123-6 |
| | : | |
| HENRY ZELAYA-MARTINEZ, | : | |
| | : | |
| Defendant. | : | The Honorable Rossie D. Alston |
| | : | |

**DEFENDANT HENRY ZELAYA-MARTINEZ'S
MOTION TO STRIKE IMPROPER ALIASES**

**INTRODUCTION**

Defendant Mr. Henry Zelaya-Martinez respectfully moves this Court to strike from the Indictment any reference to him being known by the aliases of "Certero" and "El Kakarra." See Indictment, Doc. No. 162. As set forth herein, the Government's assignment of aliases in the indictment appears unnecessary to litigate its proof and is unfairly prejudicial.

**RELEVANT FACTS**

Mr. Henry Zelaya-Martinez has been indicted with two counts each of Conspiracy to Commit Murder in Aid of Racketeering in violation of 18 USC § 1959(a)(5), Conspiracy to Kidnap in violation of 18 USC § 1201, Murder in Aid of Racketeering in violation of 18 USC § 1959(a)(1) & (2), and Kidnapping Resulting in Death in violation of 18 USC § 1201(a)(1) & (2). Immediately following the Defendant's true name in the caption of the Indictment, the following alleged aliases are noted: "Certero" and "El Kakarra." Id. Ten other defendants in the same indictment all have aliases following their true names as well. On information and belief, the

Government, as part of its evidence, intends to call eyewitnesses to attempt to establish that the defendants committed the alleged acts.

## LEGAL ANALYSIS

Federal Rule of Criminal Procedure 7(d) provides that upon a defendant's motion the Court may strike surplusage from an indictment. Defendant asserts that an alias is such surplusage and notes that courts have disapproved of including aliases in indictments. See United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972). However, an alias may be used when the Government intends to introduce evidence that an alias exists and the use of that alias is "necessary" to identify the defendant in connection with the acts charged in the indictment. United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976)("If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted."). Nonetheless, an alias may be excluded if unfairly prejudicial to the defendant. Tilus v. State, 121 So.3d 1145, 1151 (Fla. App., 2013); see also United States v. Grayson, 166 F.2d 863, 867 (2nd Cir., 1948)(noting use of an alias can "arouse suspicion that the accused is a person who has found it useful or necessary to conceal his identity.").

### *The Improper Use Of Alias In The Indictment*

In this case, it is dubious that it is somehow *necessary* for the Government to include an alias in the Indictment in order to litigate that the Defendant committed the charged criminal offenses. United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976). Based on the discovery produced to date, it appears that the Government, as part of its proof, intends to offer eyewitness

testimony against the Defendant.  If witnesses are going to attempt to identify the Defendant (and his co-defendants) from the stand, it seems far-fetched that it is necessary to include an alias in the indictment to prevent juror confusion as to whom the witness is talking about.   Even if the Defendant were only known to the witness by an alias (which the Defendant does not concede) and there were social media and/or electronic communications referencing the nickname or alias, there would be nothing preventing the Government from proving in its case-in-chief that the alias corresponds to the Defendant's true name.  Further, nothing would prevent the Government from showing in closing argument a demonstrative exhibit, if supported by the evidence, indicating what nickname purportedly corresponds to what defendant.  That is, putting the alias in the indictment itself is unnecessary.  Id.

More importantly, however, is the prejudicial impact of including an alias in the Indictment.  Having an alias in and of itself could lead a jury to conclude that the alias was relevant to membership in the charged conspiracies and racketeering activity where the Government has alleged every one of the eleven co-defendants has an alias.  Moreover, the aliases suggest that the Defendant has some nefarious need to hide his true identity from law enforcement.  Lastly, one of the the aliases at issue suggests violence—the Spanish word "certero" can have a violent connotation—one definition is "well-aimed" or accurate such as a well-aimed blow or being a crack shot.[1]  Therefore, Defendant's aliases should be struck from the Indictment where Federal Rule of Criminal Procedure 7(d) provides the Court with the

---

[1] Oxford Spanish Dictionary (Oxford University Press, 2012).  The second alias in the indictment under the Defendant's true name, "kakarra," apparently references a small fish native to El Salvador but still may lead a jury to conclude the alias was relevant to the crimes.  The Defendant asserts that this nickname was given to him as a child because he enjoyed fishing.

3

authority to strike such surplusage and its inclusion would be unfairly prejudicial under Federal Rule of Evidence 403.  See Tilus v. State, 121 So.3d 1145, 1151 (Fla. App., 2013); see also United States v. Grayson, 166 F.2d 863, 867 (2nd Cir., 1948)(noting use of alias can "arouse suspicion that the accused is a person who has found it useful or necessary to conceal his identity.").

## CONCLUSION

For all of these reasons, Defendant respectfully moves this Court to grant this motion and strike the improper aliases from the Indictment.  A proposed Order is attached hereto.

Respectfully submitted,

_____/s/_____
Joseph King
VSB # 65632
King, Campell & Poretz PLLC
108 N. Alfred Street, 2nd Floor
Alexandria, Virginia 22314
(703) 683-7070
Fax: (703) 652-6010
jking@kingcampbell.com

_____ /s/_____
Charles Russell Twist
VSB# 35483
Charles Russell Twist, PLC
2111 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703-812-8686
charlesrussell.twist@verizon.net

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed via ECF and thereby forwarded to all counsel of record on this 15th day of November, 2019.

                                                 /s/_____
Joseph King
VSB# 65632
King, Campell & Poretz PLLC
108 N. Alfred Street, 2nd Floor
Alexandria, Virginia 22314
(703) 683-7070
Fax: (703) 652-6010
jking@kingcampbell.com