IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | 1:18-cr-123-6 |
| | : | |
| HENRY ZELAYA-MARTINEZ, | : | |
| | : | |
| Defendant. | : | Honorable Rossie D. Alston |
| | : | |

### MEMORANDUM ON SUPPLEMENTAL AUTHORITY TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM SEARCH OF CELLULAR PHONE

Comes now, Defendant, by counsel, and respectfully supplements his prior motion to this Court to suppress all evidence flowing from the seizure and subsequent search of his cellular phone with additional Fourth Circuit authority— United States v. Oloyede, ____ F.3d ____ (4th Cir., July, 2019)(No. 17-4102, No. 17-4186, No. 17-4191, No. 17-4207).  In Defendant's motion, he raises both Fourth and Fifth Amendment challenges to the search and seizure of the cellular phone.  As described below, United States v. Oloyede indicates his Fifth Amendment challenge is not sustainable.  Defendant does not believe Oloyede affects his Fourth Amendment challenge.

In July 2019, the Fourth Circuit, in United States v. Oloyede, held that the contents of a cell phone are not suppressible where the phone's code was voluntarily provided to law enforcement even if the code was obtained in violation of Miranda.  United States v. Oloyede, ____ F.3d ____ (4th Cir., July, 2019)(No. 17-4102, No. 17-4186, No. 17-4191, No. 17-4207).  Oloyede relies on United States v. Patane, which found that the fruits of unwarned voluntary statements are

1

not suppressible. United States v. Patane, 542 U.S. 630, 634 (2004)(plurality opinion)("Because the Miranda rule protects against violations of the Self-Incrimination Clause, which, in turn, is not implicated by the introduction at trial of physical evidence resulting from voluntary statements," the Court declined to apply the exclusionary rule to the fruits of an unwarned, voluntary statement).

While Defendant respectfully disagrees that the fruit of a Fifth Amendment violation should be admissible, he recognizes in light of Oloyede and Patane, his Fifth Amendment challenge is largely irrelevant because even if the cell phone code itself were suppressed under the Fifth Amendment, the cell phone's contents would still be admissible.

However, Defendant believes that his Fourth Amendment challenge is not impacted by Oloyede and Patane as he asserts in his motion "that the agent's illegal trespass into his cell phone facilitated and, in Defendant's view, irremediably taints, the later search of the cell phone's contents via warrant because the illegal obtaining and confirming of the code was used to execute the warrant—that is, the later search of the phone via warrant cannot cure the previous illegal intrusion of the phone *because it is fruit of it."*  See Defendant's Motion to Suppress Evidence Seized from Search of Cellular Phone at 5-6.

                              Respectfully submitted,

                              _____/s/_____
                              Joseph King
                              VSB # 65632
                              King, Campell & Poretz PLLC
                              108 N. Alfred Street, 2nd Floor
                              Alexandria, Virginia 22314

        (703) 683-7070
        Fax: (703) 652-6010
        jking@kingcampbell.com


        _____ /s/_____
        Charles Russell Twist
        VSB# 35483
        Charles Russell Twist, PLC
        2111 Wilson Boulevard, Suite 700
        Arlington, Virginia 22201
        703-812-8686
        charlesrussell.twist@verizon.net

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via ECF and thereby forwarded to all counsel of record on this 1st day of January, 2020.

_____/s/_____
Joseph King
VSB# 65632
King, Campell & Poretz PLLC
108 N. Alfred Street, 2nd Floor
Alexandria, Virginia 22314
(703) 683-7070
Fax: (703) 652-6010
jking@kingcampbell.com