IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:18-cr-00123-06-RDA |
| ) | |
| HENRY ZELAYA MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE OR CIRCUMSCRIBE GANG EXPERT TESTIMONY**

No trial date has been set in this case. Accordingly, the government has not had occasion—and will not for quite some time yet—to notice its intention to call any specific expert witnesses as part of its case-in-chief. *See* Docket Entry ("DE") 110 at 2 (requiring government to disclose written summary of intended expert witness testimony no later than ten business days before trial). Nevertheless, Defendant Henry Zelaya Martinez ("Zelaya") has moved to preclude the government from eliciting testimony from a gang expert on the grounds that such evidence will contravene both Rule 703 of the Federal Rules of Criminal Procedure and his rights under the Sixth Amendment's Confrontation Clause. But Zelaya is no clairvoyant, try as he might. *See, e.g.*, DE 370 at 3 ("Defendant also has reason to believe that much of the gang expert's knowledge is derived from custodial interviews conducted of gang members."). In actuality, his motion is nothing but a forecast of *possible* objections he could raise in the event that the government notices a gang expert before trial as it often does in cases like these. *See, e.g.*, *Montoya v. United States*, No. 1:09CR247, 2013 WL 633586, at *11 (E.D. Va. Feb. 19, 2013) ("Gang experts are frequently

employed by the government in prosecutions of MS-13 members."). For that reason, the motion can—and should—be denied as premature.[1]

If the Court is disinclined to do so, preferring to defer any ruling, it should be noted that the motion, apart from being precipitous, sweeps too broadly in its fearmongering about gang expert testimony. In this Circuit, the use of expert testimony to elucidate aspects of MS-13 that lie beyond the ken of the average juror has repeatedly been affirmed. *See, e.g.*, *United States v. Palacios*, 677 F.3d 234, 244 (4th Cir. 2012) (upholding expert testimony regarding MS-13's "history, operation, structure, practices, and symbols"); *United States v. Lobo-Lopez*, 468 F. App'x 186, 191 (4th Cir. 2012) (approving of expert testimony regarding MS-13's "internal structure, rules, terminology, and methods"); *United States v. Ayala*, 601 F.3d 256, 274–75 (4th Cir. 2010) (finding no error in admission of expert testimony regarding MS-13's "history, structure, and practices" and gang's "general nature as a violent organization"); *United States v. Zelaya*, 336 F. App'x 355, 357 (4th Cir. 2009) (affirming defendants' convictions following trial that featured testimony of gang experts); *see also Montoya*, 2013 WL 633586, at *12 (recalling, in denying post-conviction habeas petition, trial testimony from gang expert concerning MS-13's historical origins and formation, internal structure, rules, operation, objectives, indicia of membership, symbols, and jargon).

Moreover, Zelaya's concern that his Confrontation Clause rights will be violated if a gang expert is permitted to testify on the basis of testimonial hearsay is overblown. While the Confrontation Clause bars the introduction of testimonial hearsay as evidence in itself, "it in no way prevents expert witnesses from offering their independent judgments merely because those

---

[1] Defendants Yonathan Melgar Martinez and Francisco Avila Avalos have moved to adopt Zelaya's motion. DEs 374 and 377.

judgments were in some part informed by their exposure to otherwise inadmissible evidence." *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009).

Zelaya nevertheless purports to find vindication of his fear in *United States v. Mejia*, 545 F.3d 179 (2d Cir. 2008). But his reliance on that case is misplaced. In *Palacios*, the Fourth Circuit specifically addressed *Mejia*, stating that "[t]he Second Circuit's decision . . . does not alter the analysis." 677 F.3d at 244. *Mejia*, the Fourth Circuit explained, "turned upon the fact that the expert simply passed along an important testimonial fact he learned from a particular interview, which did not require him to apply any independent expertise." *Id.* (internal quotation marks omitted). If, by contrast, the gang expert applies his expertise, "derived over many years and from multiple sources to provide an independently formed opinion," there is no Confrontation Clause violation, "even if his expert opinion was based, in part, on testimonial hearsay." *Id.* (internal quotation marks omitted).

Thus where, as will be the case here if the government elects to call such witnesses, experts "present their own independent judgments, rather than merely transmitting testimonial hearsay, and are then subject to cross-examination, there is no Confrontation Clause problem." *Johnson*, 587 F.3d at 636.

## **CONCLUSION**

For the reasons stated, the motion should be denied.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:       /s/
Rebeca H. Bellows
Alexander E. Blanchard
Cristina C. Stam
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3982
becky.bellows@usdoj.gov
alexander.blanchard@usdoj.gov
cristina.stam@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 3, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                        /s/
                                        Alexander E. Blanchard
                                        Assistant United States Attorney